UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUSTIN DALE BURGESS, | § | |
| | § | |
| Appellant/Debtor, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-2711-B |
| | § | |
| THOMAS POWERS and ALTA RESIDENTIAL, | § | |
| | § | |
| | § | |
| Appellees. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Appellant Justin Dale Burgess's Emergency Request for Injunction (Doc. 3). The Court **DENIES** his request.

## I.

## BACKGROUND

In this case, Mr. Justin Dale Burgess appeals a bankruptcy court order dismissing his Chapter 13 case with prejudice to refiling another case for five years. Doc. 1-1, Notice of Appeal, 4–5 (bankruptcy court order). Burgess filed his Chapter 13 petition on July 5, 2019. Doc. 5, Appellee's Resp., 1. The Chapter 13 Trustee Thomas Powers filed a motion to dismiss Burgess's case on August 22, 2019. *Id.* The bankruptcy court held a hearing on this motion on October 29, 2019. *Id.* Burgess did not appear at the hearing. *Id.* Instead, on the day that the bankruptcy court called docket on the motion to dismiss, Burgess filed a motion to convert his Chapter 13 case to a Chapter 11 case. *See* Doc. 6, Creditor's Resp., ¶ 6. The bankruptcy court proceeded with the hearing.

The court dismissed the case with prejudice to refiling a case under any chapter of Title 11 of the United States Code for five years from the entry of the order. Doc. 1-1, Notice of Appeal, 5.

In so doing, the bankruptcy court made the following findings of fact:

> (1) the Debtor's real property was foreclosed on in 2016; (2) the Debtor filed nine (9) bankruptcy cases since 2003; (3) the Debtor has not made a mortgage payment to a secured lender since 2008; (4) the Debtor did not appear at the pre-hearing conference and final hearing of the Trustee's motion to dismiss; (5) the Debtor has made only 1 payment under his Chapter 13 Plan to the Trustee; (6) the Debtor has not filed a Chapter 13 Plan that complies with the procedures of the Northern District of Texas; and (7) the Debtor filed a Notice of Conversion to Chapter 11 after the Court called its docket today.

*Id.* at 4–5. The court concluded, based on these findings, that Burgess's bankruptcy case was filed in bad faith. *Id.* at 5. The court also ordered that all debts due and owing creditors as of the date of the order were not discharged or affected in any manner by the order. *Id.*

On November 14, 2019, the bankruptcy clerk transmitted to this Court Burgess's notice of appeal of the bankruptcy court's dismissal order. Doc. 1, Notice of Appeal, 1. Subsequently, on December 9, 2019, Burgess filed an emergency "Request for Injunction" (Doc. 3). In this motion, Burgess argues that his case was improperly dismissed because the motion to convert his case to a Chapter 11 took effect immediately upon its filing. Doc. 3, Request for Inj., 4–8. Thus, Burgess asserts, the bankruptcy court should not have dismissed his Chapter 11 case on the motion to dismiss his Chapter 13 case, which he argues "no longer existed."*Id.* at 7–8. Burgess claims that he will be irreparably injured by this error because: (1) his vehicle that he has pledged as collateral on an unspecified loan will be sold on December 10, 2019; (2) a county court set a hearing for December 9, 2019, on an appeal bond related to a property at issue in his bankruptcy case; and (3) creditors are "harassing" him with letters and calls. *Id.* at 5. For relief, Burgess asks the Court to temporarily reinstate his Chapter 11 case, as well as the associated automatic stay, until either hearing on his Chapter 11 petition or resolution of this appeal.

Two responses to Burgess's motion have been filed. Appellee/Trustee Thomas Powers filed

the first. Doc. 5, Appellee's Resp. In opposition to the request, Powers first argues that Burgess has not followed the appropriate procedures to request injunctive relief—specifically, Powers asserts that Burgess should have filed a complaint pursuant to Federal Rule of Bankruptcy Procedure 7001. *Id.* at 1. Powers argues that Burgess's request is better construed as a motion to stay the underlying bankruptcy court order pending appeal. *Id.* at 2. Powers proceeds to note that such motions are governed by Federal Rule of Bankruptcy 8007, but that Burgess's filing fails to meet the Rule's requirements. *Id.* Specifically, Powers points out that because Burgess did not first request a stay from the bankruptcy court, Burgess must show this Court why such a request would have been impracticable. *Id.* at 2 (citing Fed. R. Bankr. P. 8007(b)(2)(A)). Further, Powers argues that Burgess has not supported his motion with affidavits, sworn statements, or relevant portions of the record. *Id.* (citing Fed. R. Bankr. P. 8007(3)(B)–(C)). Finally, Powers asserts that Burgess did not provide all parties with reasonable notice of the request. *Id.* (citing Fed. R. Bankr. P. 8007(4)).

The second response comes from a creditor in the underlying bankruptcy proceeding. Doc. 6, Creditor's Resp. The creditor, Alta Residential Solutions,[1] purchased a property formerly owned by Burgess at a foreclosure sale in September 2016. *Id.* at 2. After the sale, Alta alleges that Burgess started a "protracted" litigation process to avoid eviction, which ultimately lead to the underlying bankruptcy proceeding here. *Id.* During that proceeding, Alta moved for relief from the automatic stay to proceed with Burgess's eviction, and the court granted its motion on August 19, 2019. *Id.*[2]

---

[1] The Court refers to Alta as "the creditor" for convenience. The Court recognizes that the actual relationship amongst the creditor parties is more complex. "Wilmington Savings Fund Society" is the entity that actually purchased the property at the foreclosure sale. Doc. 6, Creditor's Resp., 2. "Rushmore Loan Management Services, LLC" is the servicing agent for Wilmington. *Id.* Rushmore hired Alta to handle property management and eviction proceedings against Burgess. *Id.*

[2] Burgess separately appealed the order lifting the automatic stay. Doc. 6, Creditor's Resp., 2–3. That appeal is pending before Judge Godbey. *See* Case No. 3:19-cv-2210-N (N.D. Tex.).

Later, Burgess started an adversary case against Alta in the bankruptcy proceeding. *Id.* Alta alleges that in this proceeding Burgess was merely rehashing claims that had previously been litigated in different forums. *Id.* at 2–3. Ultimately, Burgess's adversary complaint was dismissed for lack of jurisdiction at the hearing on Power's motion to dismiss. *Id.* at 3. Before the hearing, Alta filed an unopposed response to the motion to dismiss, arguing that Burgess was not acting in good faith. *Id.* Alta argued that Burgess was using "the State and Federal Court system to delay the turnover of Alta's property." *Id.* Alta further asserted that Burgess had been enjoying the benefit of the property as a tenant in sufferance since the foreclosure sale in September 2016, while Alta was paying taxes and insurance premiums on the property to protect its security interest. *Id.*

With respect to Burgess's Chapter 11 conversion argument, Alta responds that the rules provide for conversion only after notice and hearing on such a motion. *Id.* at 4 (citing 11 U.S.C. § 1307(d)). Further, Alta argues that the conversion is in the court's discretion. *Id.* ("[T]he court may convert a case under this chapter to a case under chapter 11 or 12 of this title." (quoting 11 U.S.C. § 1307(d))). Thus, Alta concludes that Burgess is incorrect that his case automatically converted to a Chapter 11 case when he filed his motion, and that there was no need for notice and hearing on Burgess's motion because the bankruptcy court had already dismissed the matter. *Id.*

## II.

## LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 8007 governs the procedure for stays of bankruptcy court orders pending appeal. This rule states that a party ordinarily must first move for a stay of a bankruptcy court judgment or order in the bankruptcy court. Fed. R. Bankr. P. 8007(a)(1)(A). The rule also provides that a motion for a stay may be made in the district court where the appeal is

pending. *Id.* 8007(b)(1). If the motion is first made in the district court, the movant must "show that moving first in the bankruptcy court would be impracticable." *Id.* 8007(b)(2)(A). The motion must also include "(A) the reasons for granting the relief requested and the facts relied upon; (B) affidavits or other sworn statements supporting facts subject to dispute; and (C) relevant parts of the record." *Id.* 8007(b)(3)(A)–(C).

The movant seeking a stay of a bankruptcy court order pending appeal has the burden of satisfying four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Saldana v. Saldana*, 2015 WL 5021415, at *2 (N.D. Tex. Aug. 25, 2015) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Nken v. Holder*, 556 U.S. 418, 426 (2009)). "The first two of these factors are the most critical." *Id.* (citing *Nken*, 556 U.S. at 434). Regarding the first factor, the Fifth Circuit has explained that "the movant need not always show a 'probability' of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of equities weighs heavily in favor of granting the stay." *Id.* (quoting *In re First S. Savings Ass'n*, 820 F.2d 700, 709 n.10 (5th Cir. 1987) (quoting *Ruiz v. Estelle* (*Ruiz I*), 650 F.2d 555, 565 (5th Cir. Unit A June 1981))). However, a likelihood of success is required in the usual case. *Id.* "Only if the balance of equities (*i.e.* consideration of the other three factors) is . . . *heavily tilted* in the movant's favor will we issue a stay in its absence, and, even then, the issue must be one with patent substantial merit." *Id.* (emphasis and alterations in original) (quoting *Ruiz v. Estelle* (*Ruiz II*), 666 F.2d 854, 857 (5th Cir. 1982)).

# III.

# ANALYSIS

As a threshold matter, the Court must determine what type of motion Mr. Burgess has brought. Finding that his motion is best construed as a motion to stay the underlying judgment pending appeal, the Court holds that Burgess has met neither the requirements for such a motion under Rule 8007, nor his burden of satisfying the factors that courts in this circuit look to when deciding such motions. The Court thus denies Burgess's motion.

Burgess's motion is styled as a request for an injunction. In it, he argues that he will be irreparably injured if his request is not granted. *See* Doc. 3, Request for Inj., 4–8. For relief, he requests that the Court "reinstat[e]" his bankruptcy case and the associated automatic stay until either his bankruptcy case is resolved or until his appeal here is heard. *Id.* at 5. This is, effectively, a request to stay the bankruptcy court's order pending appeal as provided for in the Federal Rules of Bankruptcy Procedure. *See* Fed. R. Bankr. P. 8007. An alternative interpretation is that this is a motion for a preliminary injunction. But as the respondents points out, while a party in a bankruptcy proceeding may file for injunctive relief, such a request is made through filing an adversary proceeding in the bankruptcy court. *See* Fed. R. Bankr. P. 7001(7). Additionally, a party could initiate a new lawsuit with a petition or complaint, and request a preliminary injunction along with their cause of action. Burgess did neither of these here. Sitting as an appellate court with jurisdiction provided for by 28 U.S.C. § 158(a), this Court can decide only appeals from final judgments and certain interlocutory orders of the bankruptcy court. *See* 28 U.S.C. § 158(a)(1)–(3). Thus, as the most reasonable interpretation of Burgess's filing, the Court will consider the filing as a motion to stay under Rule 8007.

Construed as such, the Court cannot grant the motion. To start, Burgess has failed to comply with the Rule 8007 requirements. The motion does not include affidavits or sworn statements that support the claims he has made. *See* Rule 8007 (b)(3)(B); *see also* Doc. 3, Request for Inj. Nor does the motion cite to relevant portions of the record from the underlying bankruptcy case. *See* Rule 8007 (B)(3)(C). Indeed, the Court has yet to be provided with the record on appeal in this case. Finally, because Burgess did not first raise this motion before the bankruptcy court, Rule 8007 requires that he must show why first moving for a stay in that court would have been impracticable. *Id.* (b)(2)(A). He did not do so. Thus, procedurally, Burgess's motion is deficient.

But even turning to the merits of the motion, the Court finds that Burgess has failed to justify a stay. The Court considers: (1) whether Burgess has made a strong showing that he is likely to succeed on the merits; (2) whether Burgess will be irreparably harmed without a stay; (3) whether a stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies. *Lall v. Powers*, 2019 WL 2249717, at *2 (N.D. Tex. May 24, 2019). The first two factors "are the most critical." *Id.* (citing *Saldana*, 2015 WL 5021415, at *2).

First, the Court finds that Burgess has failed to make a strong showing that he is likely to succeed on the merits of his appeal. As detailed above, Burgess complains that the bankruptcy court's dismissal of his Chapter 13 case was in error because he filed a motion to convert his Chapter 13 case to a Chapter 11 case, which, in his view, effectively mooted the Trustee's motion to dismiss. The provision that governs this type of conversion states: "[O]n request of a party in interest or the United States trustee and *after notice and hearing*, the court *may* convert a case under this chapter to a case under chapter 11 or 12 of this title." 11 U.S.C. § 1307(d) (emphasis added). Contrary to Burgess's position, this provision does not state that a Chapter 13 case is "automatically" converted

to a Chapter 11 case on the motion of a Debtor. Instead, the code gives discretion to the bankruptcy court to grant such a request. *Id.* ("[T]he court *may* convert a case . . . ."); *see also In re Hanson*, 282 B.R. 240, 246 (Bankr. D. Co. 2002) ("Regardless of whether the Debtor is eligible to file a Chapter 11 case, conversion of a Chapter 13 case to a Chapter 11 case is not a matter of right."). Additionally, as pointed out in *Hanson*, the code requires that creditors be given notice and an opportunity to be heard on the issue before a conversion is permitted. *In re Hanson*, 282 B.R. at 246. That did not occur here. Nonetheless, it appears clear to this Court that the bankruptcy court needed to approve the conversion before it took effect. And because the bankruptcy court did not do so, the Court finds that Burgess is unlikely to succeed on the argument that the bankruptcy court erred when it dismissed his Chapter 13 case.[3]

The Court thus finds that Burgess has not met the first factor in seeking a stay of the bankruptcy court order pending appeal. As stated above, if the first factor is not met, courts typically grant stays only in cases where "the balance of equities (*i.e.* consideration of the other three factors) is . . . *heavily tilted* in the movant's favor." *Saldana*, 2015 WL 5021415, at *2 (emphasis in original) (quoting *In re First S. Savings Ass'n*, 820 F.2d at 709 n.10). And even if these factors weigh heavily in Burgess's favor, "the issue must be one with patent substantial merit." *Id.* Looking to the three remaining factors, the Court finds that none weigh in Burgess's favor. First, Burgess has not sufficiently shown that he will be irreparably harmed absent a stay. Burgess has attached no evidentiary support to his request for an injunction that would support his claim that he will be

---

[3] Another problem with Burgess's request is that he would have this Court reinstate the automatic stay in the bankruptcy proceeding. But, as noted above, he has already appealed the bankruptcy court order lifting the stay in a separate appeal. Thus, regardless of the merits of the conversion argument, the Court does not believe it could grant the relief that Burgess requests, as the appropriate vehicle for the request seems to be his first appeal.

harmed absent a stay. And Alta argues that, at least with respect to the hearing on the appellate bond in county court, Burgess has obtained a continuance in that case until January 17, 2020. Doc. 6, Creditor's Resp., 4. Second, the likelihood is high that Alta, the Trustee, and Burgess's other creditors will be harmed if a stay is improperly granted. The bankruptcy court found that Burgess is no longer litigating in good faith based, in part, on his serial filings over the last few years, in both federal and state courts. Allowing this protracted litigation process to continue would, no doubt, continue to work harm on the creditors in this case that have continued to pursue a resolution with Burgess. And for the same reasons, the Court finds it would not be in the public interest to allow this litigation to continue.

To conclude, the Court holds that Burgess's motion—which is best construed as a motion to stay pending appeal—is defective both procedurally and substantively. Burgess has not met the requirements for such a motion under Federal Rule of Bankruptcy Procedure 8007. Nor has he met his burden of satisfying the substantive requirements that courts demand of such motions. Therefore, the Court denies his request (Doc. 3).

## IV.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Appellant Burgess's Request for Injunction (Doc. 3).

SO ORDERED.

SIGNED: December 20, 2019.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE